UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT M. WARD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05356 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 23, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 14, 17, 18).

After considering and reviewing the record, the Court finds that the ALJ failed to address significant probative evidence from an examining provider, Dr. Donald D. Ramsthel and failed to provide legitimate reasons for discounting lay witness testimony

from plaintiff's mother, Barbara J. Kellis. Plaintiff's limitations from physical impairments require further evaluation.

Therefore, this Court recommends that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, ROBERT M. WARD, was born in 1965 and was 43 years old on the amended alleged date of disability onset of October 30, 2009 (*see* Tr. 177, 184; ECF No. 14, p. 2, n. 2). Plaintiff quit school in the 11th grade but has obtained his GED (Tr. 35-36). Plaintiff has worked as a door builder, hydraulic hose maker, stocker, carpenter, and construction worker (Tr. 22, 38-40, 47-48). At the time of the hearing, plaintiff was single and living in a house with his mother (Tr. 34-35).

Plaintiff has at least the severe impairments of "bilateral carpal tunnel syndrome, degenerative disc disease of the cervical spine, degenerative joint disease of the left shoulder, dysfunction of major joints, right shoulder pain and shoulder impingement syndrome status post bilateral distal clavicle excision for AC arthritis and labral surgery on the right shoulder, plantar fasciitis, early bilateral Dupuytren's contractures, foot pain, and history of polysubstance abuse in remission (20 CFR 404.1520(c) and 416.920(c))" (Tr. 18).

## PROCEDURAL HISTORY

On November 8, 2010, plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 175-183, 184-190). The applications were denied initially and following reconsideration (Tr. 74-85, 86-97). Plaintiff's requested hearing was held before Administrative Law Judge Rudy (Rudolph) M. Murgo ("the ALJ") on August 20, 2012 (*see* Tr. 30-56). On August 30, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 13-29).

On March 11, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on August 2, 2013 (*see* ECF Nos. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations, and by relying on vocational expert testimony that was factually incorrect (*see* ECF No. 14, p. 1).

//

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1

## STANDARD OF REVIEW

2

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

3

denial of social security benefits if the ALJ's findings are based on legal error or not

4

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

5

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

6

1999)).

7

## DISCUSSION

8

**(1)   Whether or not the ALJ properly evaluated the medical evidence.**

9

Donald D. Ramsthel, M.D., examined plaintiff on May 4, 2012 as part of a

10

physical consultative evaluation. (Tr. 434-45).  Dr. Ramsthel opined that plaintiff would

11

only be able to walk or stand for five to ten minutes at one time for a total of less than

12

one hour in an eight hour work day. *Id.* at 438.  He also opined plaintiff would be limited

13

to lifting ten pounds frequently and infrequently, would be limited in handling objects,

14

and would have no limitation in sitting. *Id*.  As part of the examination, Dr. Ramsthel

15

also completed a form titled "Medical Source Statement of Ability To Do Work-Related

16

Activities (Physical)" in which he opined plaintiff would have slightly different

17

limitations. *Id.* at 439-49.  Most notably, Dr. Ramsthel opined that plaintiff could sit for

18

a maximum of six hours in an eight hour day, and could only stand and walk forty

19

minutes each in an eight hour day. *Id*. at 440.  Dr. Ramsthel noted that plaintiff should be

20

lying down during the remainder of the eight hour day.   *Id.*

21

The ALJ accorded the opinion of Dr. Ramsthel, "great weight based on the

22

supportability with medical signs and laboratory findings, consistence with the record and

23

24

1  area of specializations." (Tr. 21).  However, the ALJ only discussed the opinions offered
2  in the narrative section of the evaluation.  (Tr. 21, 438).  The ALJ failed to even mention
3  the seemingly contradictory opinion from the Medical Source Statement, which limited
4  plaintiff to sitting only six hours in an eight hour day and limited cumulative sitting,
5  standing, and walking less than eight hours total per day.  (Tr. 21, 439-45).  The
6  Commissioner "may not reject 'significant probative evidence' without explanation."
7  *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739
8  F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir.
9  1981))).  The "ALJ's written decision must state reasons for disregarding [such]
10 evidence." *Flores, supra*, 49 F.3d at 571.  The Medical Source Statement is significant
11 probative evidence, and the ALJ was required to address it in his decision.
12
13      Further, according to Social Security Ruling ("SSR") 96-8p, a residual functional
14 capacity ("RFC") assessment by the ALJ "must always consider and address medical
15 source opinions. If the RFC assessment conflicts with an opinion from a medical source,
16 the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996
17 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law,
18 [n]evertheless, they constitute Social Security Administration interpretations of the
19 statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882
20 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th
21 Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th cir. 1988)) (internal citation
22 and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security
23 Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or
24

regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted).

While the ALJ states that the residual functional capacity ("RFC") finding is consistent with Dr. Ramsthel's opinion, the Court disagrees. (Tr. 21). The ALJ's RFC finding limited plaintiff to sitting eight hours in an eight hour day and to standing and walking for one hour total in an eight hour day. This is inconsistent with Dr. Ramsthel's opinion that plaintiff could only sit for six hours in an eight hour day, and would need to lay down for the remainder of an eight hour day. (*See* Tr. 440). The Medical Source Statement from Dr. Ramsthel was both significant and probative evidence and inconsistent with the ALJ's RFC finding, thus, the ALJ erred in failing to evaluate this opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial

rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The Medical Source Statement completed by Dr. Ramsthel appears to limit plaintiff to less than full time work. Therefore, had the ALJ given weight to this opinion, the disability determination would likely change. Therefore, the ALJ's error was not harmless. *See Molina*, 674 F.3d at 1115.

Plaintiff also argues that the ALJ committed other errors in evaluating the medical evidence. First, plaintiff argues it was error for the ALJ not to address plaintiff's prior period of disability. (ECF No. 14, p. 4). Plaintiff was awarded a closed period of disability for the dates November 1, 2005 through January 7, 2008. (Tr. 57-70). He was found to have medically improved as of January 8, 2008 and was found capable of performing a full range of medium work. *Id.* at 68. Plaintiff fails to explain why this prior period of disability is relevant to plaintiff's current claim. *Id.* The prior ALJ decision would actually give rise to a presumption of nondisability moving forward, thus would not be supportive of plaintiff's current claim for disability. *See Chavez v. Bowen*, 844 F.2d 691. Regardless, the ALJ here found a more restrictive RFC than that found in the prior claim, so any potential error would be harmless. *See Molina,* 674 F.3d at 1115.

Plaintiff also argues the ALJ erred in evaluating the May 2011 opinion of Dr. Alan P. Newman. *Id.* at 12. Specifically, plaintiff argues the ALJ erred in not addressing Dr. Newman's statement that "participation in training or employment activities should be held at this point, pending his further evaluation and treatment." (Tr. 485; ECF No. 14, p. 12-13). The ALJ gave Dr. Newman's opinion some weight, finding it brief and

incomplete.  (Tr. 22).   Again, the ALJ's RFC finding was actually more restrictive than the functional limitations opined by Dr. Newman, who opined plaintiff could sit and stand for eight hours per day.  (Tr. 485).  Thus, any error in evaluating this evidence was harmless.  *See Molina,* 674 F.3d at 1115.

The bulk of plaintiff's remaining arguments regarding medical evidence equates to a request for the Court to reweigh the evidence.  While, it is not the job of the court to reweigh the evidence, this Court has already determined that the ALJ committed harmful error in failing to properly evaluate the opinions of Dr. Ramsthel.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,* 169 F.3d at 599, 601).  Therefore, the medical evidence should be evaluated anew upon remand of this matter.

**(2)    Whether or not the ALJ properly evaluated plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration.  A determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

**(3)    Whether or not the ALJ properly evaluated the lay evidence.**

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse

practitioners, therapists and chiropractors, who are considered other medical sources[1], *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

While the Court has already remanded this case based on an error in evaluating the medical evidence, it is also noted that the ALJ erred in evaluating the lay witness testimony from plaintiff's mother, Barbara J. Kellis. (Tr. 22, 305-312). In evaluating this evidence, the ALJ stated, "[t]o the extent that Ms. Kellis suggests that the claimant's impairments render him unable to work, I find that Ms. Kellis's close relationship with her son, and a desire to help him, likely influenced her opinion regarding the claimant's

---

[1] "Other sources" specifically delineated in the relevant federal regulations also include "educational personnel," *see* 20 C.F.R. § 404.1513(d)(2), and public and private "social welfare agency personnel," *see* 20 C.F.R. § 404.1513(d)(3).

abilities." (Tr. 22). Testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). In addition, according to the Ninth Circuit, absent "evidence that a specific [lay witness] exaggerated a claimant's symptoms *in order* to get access to his disability benefits," an ALJ may not reject that witnesses' testimony with a general finding that the witness is "an 'interested party' in the abstract." *Id.* The ALJ committed legal error in discrediting the testimony of Ms. Kellis solely because she is plaintiff's mother. On remand, the ALJ should reevaluate this evidence.

**(4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration. In addition, a determination of a claimant's RFC relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's RFC should be assessed anew following remand of this matter.

**(5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of Ward's limitations, and by relying on vocational expert testimony that was factually incorrect.**

Because the ALJ's RFC finding will be assessed anew following remand, the ALJ should also reevaluate whether plaintiff is capable of performing other work at Step 5.

Any new evidence, including the labor market survey submitted by plaintiff, can be properly evaluated upon remand.

## CONCLUSION

The ALJ failed to properly evaluate the medical evidence and the lay witness evidence.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 23, 2014, as noted in the caption.

Dated this 2nd day of May, 2014.

J. Richard Creatura
United States Magistrate Judge